UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTINE DONOVAN,

    Plaintiff,

v.                                            Case No:   6:16-cv-157-Orl-22TBS

LIBERTY MUTUAL INSURANCE
COMPANY,

    Defendant.

## ORDER

Plaintiff, Christine Donovan filed a one count complaint in Florida state court alleging that she was involved in a motor vehicle accident while covered by a policy of insurance issued by Defendant, Liberty Mutual Insurance Company (Doc. 2, ¶¶ 2, 7). Following the accident, Plaintiff made a claim on her insurance policy (Id., ¶ 10). She alleges that Defendant breached its duty to act in good faith in the investigation, handling, and settlement of her claim (Id., ¶ 13). She also alleges that Defendant violated Florida Statutes §§ 624.155, 626.9541(1)(i)(3)(a), (c), (d), (f), and (g) (Id., ¶¶ 19, 21). As a consequence, Plaintiff claims damages in an amount in excess of $15,000 for damage to her credit, credit history, and credit worthiness; consequential damages as a result of Defendant's bad faith and unlawful conduct; emotional distress; mental anguish; loss of capacity for the enjoyment of life; damage to her reputation; costs; pre-judgment interest; and attorney's fees (Id., ¶ 1, prayer for relief).

Within 30 days after it was served, Defendant filed a notice of removal of the case from state court to this Court (Doc. 1). The notice alleges diversity jurisdiction under 28 U.S.C. § 1332 (Id.). The parties agree that for diversity purposes, they are citizens of different states (Id., ¶¶ 8-9; Doc. 11, ¶ 2). The notice of removal asserts that the amount-

in-controversy exceeds $75,000, exclusive of interest and costs, based on the types of damages alleged by Plaintiff (Doc. 1, ¶¶ 10-15).   In particular, Defendant states that in a preceding lawsuit for breach of contract, Defendant paid Plaintiff $300,000 in attorney's fees (Id., ¶¶ 13-14).   Plaintiff has filed a motion to remand on the ground that the amount-in-controversy at the time of removal did not exceed $75,000 (Doc. 11).   Without discussing the other damages she seeks, Plaintiff argues that because her attorney has this case on a contingent fee and the contingency has not occurred, no fees are owed (Id.).

The case comes before the Court on Defendant's Motion (1) for Leave to Take Jurisdictional Discovery; (2) to Stay Motion for Remand; (3) for Extension of Time to Respond to Motion for Remand; and (4) for an Expedited Response to this Motion (Doc. 17).   Plaintiff has filed a response in opposition to the motion to conduct jurisdictional discovery (Doc. 20).   She has not filed a response to the other relief requested in Defendant's motion and the time to do so has expired.   After the pending motion was filed, Defendant responded to Plaintiff's motion for remand (Doc. 18).   This moots Defendant's motion for an extension of time.   The Court allowed Plaintiff the full amount of time provide by rule to respond to Defendant's motion.   Accordingly, Defendant's motion that Plaintiff be required to serve an expedited response is also moot.

Pursuant to the first paragraph of 28 U.S.C. § 1446(b), a case may be removed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."   28 U.S.C. § 1446(b)(1).   Under the second paragraph, a defendant may remove a case even if the initial pleading is not removable if the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable."   28 U.S.C. § 1446(b)(3).   A second paragraph removal based on diversity jurisdiction must occur within

"1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. 28 U.S.C. § 1446(c). This is a first paragraph case.

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). "When the complaint does not claim a specific amount of damages, removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Id. "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation–provided of course that removal is procedurally proper." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 755 (11th Cir. 2010).

When the record does not contain sufficient information for the court to determine whether diversity jurisdiction exists, it may permit the parties to conduct jurisdictional discovery before ruling on the merits of a motion for remand. Bennett v. USA Water Polo, Inc., No. 08-23533-civ, 2009 WL 1089480, at *1 (S.D. Fla. April 21, 2009). If the discovery is allowed, it should be restricted to the proof of facts present at the time of removal. Sierminski v. Transouth Financial Corp., 216 F.3d 945, 946 (11th cir. 2000). The Eighth Circuit has said jurisdictional discovery is warranted when the facts necessary to resolve the jurisdictional inquiry are unknown or disputed. The court went on to say that where a party offers only speculation or conclusory allegations concerning subject matter

jurisdiction, the court is within its discretion in denying jurisdictional discovery. Viasystems, Inc. v. EBM-Pabst St. Georgen GMBH & Co., KG, 646 F.3d 589, 598 (8th Cir. 2011).

In a case involving sovereign immunity, the Third Circuit wrote "We agree with other courts of appeals that sovereign immunity is a 'critical preliminary determination' of subject matter jurisdiction for which the parties should be granted a fair opportunity to engage in jurisdictional discovery so as to adequately define and submit to the court facts necessary for a thorough consideration of the issue. However, we caution that 'discovery and fact-finding should be limited to the essentials necessary to determining the preliminary question of jurisdiction.'" Fed. Ins. Co. v. Richard I. Rubin & Co., Inc., 12 F.3d 1270, 1285, n. 11 (3rd Cir. 1993) (quoting Gould, Inc. v. Pechiney Ugine Kulhlmann, 853 F.2d 445, 451 (6th Cir. 1988)). A different trial court construed the Federal decision to mean that "[a] plaintiff is generally entitled to a 'fair opportunity' to conduct jurisdictional discovery." Rose v. Cont'l Aktiengesellscharft (AG), No. Civ.A. 99-3794, 2001 WL 236738, at *4 (E.D. Pa., Mar. 2, 2001) (quoting Fed. Ins. Co., 12 F.3d at 1285, n. 11). The Rose court observed that "[j]urisdictional discovery is easily targeted at information pertinent to the well established factors involved in a jurisdictional inquiry. A plaintiff is not entitled to conduct a 'fishing expedition.'" Id. (citing Arch v. Am. Tobacco Co., 984 F. Supp. 830, 841 (E.D. Pa. 1997)). Courts have permitted jurisdictional discovery where additional evidence was required concerning specific factual issues Rendak v. PIKR, Ltd., 2015 WL 2208200 (N.D. Ill. May 8, 2015). And, jurisdictional discovery has been allowed where defendants were unaware that plaintiff would contest the amount-in-controversy requirement. Bennett, 2009 WL 1089480, at *3.

Plaintiff seeks at least 8 categories of damages as a consequence of Defendant's actions. The first category is damage to her credit. "A man's credit in this day and age is

one of his most valuable assets and without it, a substantial portion of the American people would be without their homes, washing machines, refrigerators, automobiles, television sets, and other mechanical paraphernalia that are now regarded as necessities of life." Am. Fire & Cas. Co. v. Davis, 146 So.2d 615, 619 (Fla. 1st DCA 1962). Thus, it is possible that Plaintiff's damages based upon harm to her credit are substantial. Plaintiff also alleges damages due to emotional distress and mental anguish. If these damages are available against Defendant (it argues that they are not), then this may also be a basis for the award of significant damages. Limited discovery would aid the Court in determining the amount of these and Plaintiff's other alleged damages that will be in issue in this case. Accordingly, the Court will exercise its discretion to permit jurisdictional discovery. The parties have through May 10, 2016 to take jurisdictional discovery, limited in scope to the amount-in-controversy on February 1, 2016. Any additional facts the parties wish the Court to consider before it rules on the motion to remand shall be filed no later than May 13, 2016. To this extent, Defendant's motion is **GRANTED**. In all other respects, the motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on March 9, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record